# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BANCO SAN JUAN INTERNACIONAL. INC., | : | |
| | : | |
| *Plaintiff*, | : | C.A. No. 1:22-CV-01315-LPS |
| | : | |
| v. | : | |
| | : | |
| PETRÓLEOS DE VENEZUELA, S.A. | : | |
| and PDVSA PETRÓLEO, S.A., | : | |
| | : | |
| *Defendants*. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

January 17, 2023

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law

*Attorneys for Defendants Petróleos de Venezuela,
S.A. and PDVSA Petróleo, S.A.*

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ........................................................................................1

STATEMENT OF FACTS ..............................................................................................4

LEGAL STANDARD......................................................................................................7

ARGUMENT ..................................................................................................................8

    **I.**      This Case Must Be Dismissed or Transferred for Improper Venue under
the FSIA ....................................................................................................8

        A.      Venue Is Not Proper under Section 1391(f)(1)...........................................9

        B.      Venue Is Not Proper under Section 1391(f)(3).........................................12

    **II.**      Alternatively, this Case Should Be Dismissed  for Failure to Effect Service
under the FSIA ..........................................................................................13

    **III.**      Alternatively, this Case Should Be Dismissed  for Lack of Personal
Jurisdiction under the FSIA .......................................................................16

    **IV.**      Alternatively, the Case Must Be Dismissed for  Lack of Subject Matter
Jurisdiction under the FSIA .......................................................................16

CONCLUSION...............................................................................................19

i

## <u>TABLE OF AUTHORITIES</u>

<u>Pg.</u>

**Cases**

*Argentine Republic v. Amerada Hess Shipping Corp.*,
   488 U.S. 428 (1989)................................................................................. 17

*Asemani v. Islamic Republic of Iran*,
   No. 18-CV-00368-CRB (PR), 2018 U.S. Dist. LEXIS 102532
   (N.D. Cal. June 18, 2018) .................................................................... 9, 10

*Berkowitz v. Republic of Costa Rica*,
   288 F. Supp. 3d 166 (D.D.C. 2018) ...................................................... 14

*Butler v. Sukhoi Co.*,
   579 F.3d 1307 (11th Cir. 2009) ............................................................ 17

*Chiejina v. Fed. Republic of Nigeria*,
   No. 21-2241 (RJL), 2022 U.S. Dist. LEXIS 152675 (D.D.C. Aug. 23, 2022)......................... 14

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   No. 17-mc-0151-LPS (D. Del.) ........................................................ 6, 7, 11

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   333 F. Supp. 3d 380 (D. Del. 2018)...................................................... 11

*Despotovich v. Republic of Croat.*,
   No. 21 Civ. 0050 (AT), 2022 U.S. Dist. LEXIS 147367 (S.D.N.Y. Aug. 17, 2022) .............. 18

*Detroit Int'l Bridge Co. v. Gov't of Canada*,
   787 F. Supp. 2d 47 (D.D.C. 2011) ........................................................ 9

*Enron Nig. Power Holding, Ltd. v. Fed. Republic of Nig.*,
   225 F. Supp. 3d 18 (D.D.C. 2014) .................................................... 14, 15

*Ezeiruaku v. Bull*,
   617 F. App'x 179 (3d Cir. 2015) .......................................................... 17

*Federal Ins. Co. v. Richard I. Rubin & Co., Inc.*,
   12 F.3d 1270 (3d Cir. 1993) ............................................................... 17

*Hussein v. Maait*,
   __ F. Supp. 3d __, 2022 U.S. Dist. LEXIS 105286 (S.D.N.Y. June 13, 2022)................. 18

*Micula v. Gov't of Rom.*,
   714 F. App'x 18 (2d Cir. 2017) ........................................................ 9, 10

*Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*,
  863 F.3d 96 (2d Cir. 2017) ........................................................................... 7, 8, 16

*Orange Middle E. & Afr. v. Republic of Eq. Guinea*,
  No. 15-cv-849 (RMC), 2016 U.S. Dist. LEXIS 65147 (D.D.C. May 18, 2016) ..................... 14

*Palladian Partners, L.P. v. Province of Buenos Aires*,
  2022 U.S. Dist. LEXIS 200875 (S.D.N.Y. Nov. 2, 2022) ........................................... 9

*Republic of Sudan v. Harrison*,
  139 S. Ct. 1048 (2019) ............................................................................. 13, 16

*Rodriguez v. Pan Am. Health Org.*,
  2020 U.S. Dist. LEXIS 58987, 2020 WL 1666757 (S.D. Fla. 2020) ................................. 8

*Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*,
  23 F.4th 1036 (D.C. Cir. 2022) ..................................................................... 16

*Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*,
  Civ. No. 1:18-cv-01963-LPS, 2019 U.S. Dist. LEXIS 214167
  (D. Del. Dec. 12, 2019) ........................................................................ passim

*Saudi Arabia v. Nelson*,
  507 U.S. 349 (1993) ................................................................................. 17

*Shirobokova v. CSA Czech Airlines, Inc.*,
  335 F. Supp. 2d 989 (D. Minn. 2004) ................................................................ 13

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
  30 F.3d 148 (D.C. Cir. 1994) ....................................................................... 14

*Uni-Top Asia Inv. Ltd. v. Sinopec Int'l Petro. Expl. & Prod. Corp.*,
  No. 20-cv-1770 (DLF), 2022 U.S. Dist. LEXIS 73524 (D.D.C. Apr. 22, 2022) ....................... 8

*Valambhia v. United Republic of Tanz.*,
  18-cv-370 (TSC), 2019 U.S. Dist. LEXIS 54812 (D.D.C. Mar. 31, 2019),
  *aff'd,* 964 F.3d 1135 (D.C. Cir. 2020) ............................................................ 18

*Verlinden B.V. v. Cent. Bank of Nigeria*,
  461 U.S. 480 (1983) .............................................................................. 7, 17

*Vivadent, Inc. v. Darby Dental Supply Co.*,
  655 F. Supp. 1359 (D.N.J. 1987) .................................................................... 12

*Zazzali v. Swenson*,
  852 F. Supp. 2d 438 (D. Del. 2012) ................................................................. 12

## Statutes

10 Del. C. § 4801 ............................................................................................................... 9

28 U.S.C. § 1330(a) ...................................................................................................... 1, 17

28 U.S.C. § 1330(b) ...................................................................................................... 1, 3, 16

28 U.S.C. § 1391(f) ...................................................................................................... *passim*

28 U.S.C. § 1603 ........................................................................................................... 4, 7, 12

28 U.S.C. § 1604 ........................................................................................................... 17

28 U.S.C. § 1605 ........................................................................................................... 17

28 U.S.C. § 1606 ........................................................................................................... 17

28 U.S.C. § 1607 ........................................................................................................... 17

28 U.S.C. § 1608(b) ...................................................................................................... *passim*

8 Del. C. § 371(b) ......................................................................................................... 12

## Federal Rules

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 1, 16

Fed. R. Civ. P. 12(b)(2) ............................................................................................... 1, 16

Fed. R. Civ. P. 12(b)(3) ............................................................................................... 1, 8

Fed. R. Civ. P. 12(b)(4) ............................................................................................... 1, 13

Fed. R. Civ. P. 12(b)(5) ............................................................................................... 1, 13

## Other Authorities

*Banco San Juan Internacional, Inc. v. PDVSA Petróleo, S.A*,
   [2021] EWHC 1949 (Comm) (July 9, 2021) ........................................................ 6

*Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*,
   [2020] EWHC 2145 (Comm) (July 31, 2020) ......................................... 3, 5, 14, 15

*Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*,
   [2020] EWHC 2937 (Comm) (Nov. 4, 2020) ........................................................ 5

H.R. Rep. No. 94-1487 (1976),
   *as reprinted in* 1976 U.S.C.C.A.N. 6623 ............................................................. 14

## NATURE AND STAGE OF PROCEEDINGS

Petróleos de Venezuela, S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("PPSA" and, together with PDVSA, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(4)-(5) and the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1608(b); lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and the FSIA, 28 U.S.C. § 1330(b); improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and the FSIA, 28 U.S.C. § 1391(f); and, alternatively, lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and the FSIA, 28 U.S.C. § 1330(a).

## SUMMARY OF ARGUMENT

Plaintiff Banco San Juan Internacional ("Plaintiff") commenced this action to enforce a pair of judgments entered against Defendants by courts in the United Kingdom.  It is undisputed that Defendants are agencies or instrumentalities of a foreign state – namely the Bolivarian Republic of Venezuela (the "Republic") – under the FSIA.  Compl. ¶ 4.  Accordingly, Plaintiff is required to comply with all of the FSIA's jurisdictional and procedural requirements, including the FSIA's provisions governing service of process, venue, the exceptions to foreign sovereign immunity, and personal and subject matter jurisdiction.  Plaintiff has failed to do so.  Therefore, this case should be dismissed.

The FSIA's exclusive venue provisions, 28 U.S.C. § 1391(f), do not provide any basis for commencing this action in Delaware.  It is undisputed that this case has no connection whatsoever with Delaware.  Instead, Plaintiff asserts that venue is proper because Defendants are "doing business" in Delaware.  But there are no allegations in the Complaint to support that conclusory allegation.  Moreover, this Court has already held that PDVSA is not "doing business" in Delaware for purposes of the FSIA's venue provisions.  *See Saint-Gobain*

*Performance Plastics Europe v. Bolivarian Republic of Venezuela* ("*Saint-Gobain*"), Civ. No.

1:18-cv-1963-LPS, 2019 U.S. Dist. LEXIS 214167, at *27-28 (D. Del. Dec. 12, 2019)

.

Although not alleged in the Complaint, Plaintiff's other filings in this case admit that

Plaintiff filed its lawsuit in Delaware simply because PDVSA owns shares in a Delaware

corporation – PDV Holding, Inc. ("PDVH").  However, this Court has already held that PDVSA

is not "doing business" in Delaware for purposes of the FSIA's venue statute simply because it

owns shares of PDVH.  *See Saint-Gobain*, 2019 U.S. Dist. LEXIS 214167, at *27-28.  While

Plaintiff contends that venue is proper on the grounds that it hopes to subsequently enforce any

judgment entered in this case by attaching the PDVH shares, this Court rejected that same

argument in the *Saint-Gobain* case.  Indeed, venue cannot be predicated on PDVSA's ownership

of the PDVH shares because this case has nothing to do with those shares and venue is not

proper under the FSIA simply because the foreign sovereign defendant has an asset in the district

that might be available to satisfy an eventual judgment.  Accordingly, this Court should grant

Defendants motion to dismiss for improper venue under the FSIA – or, alternatively, transfer this

case to the FSIA's default venue, the U.S. District Court for the District of Columbia (the "D.C.

Court").  *See* 28 U.S.C. § 1391(f)(4).

But even assuming arguendo that this District is the proper venue, which it is not,

Plaintiff has failed to serve Defendants in accordance with the FSIA's exclusive provisions for

serving foreign sovereign defendants, 28 U.S.C. § 1608.  Plaintiff argues that it served

Defendants pursuant to a "special arrangement" contained in the parties' underlying contracts.

However, to qualify as a "special arrangement for service" under Section 1608, the contract must

clearly provide for service of process on the foreign sovereign defendant in the particular U.S.

proceeding at issue.  Here, the underlying contracts provide "for service of proceedings in England" on the parties' authorized service agents.  *Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*, [2020] EWHC 2145 (Comm) (July 31, 2020) at ¶ 4.  Such a contractual provision for service of U.K. proceedings does not constitute a special arrangement for service of U.S. proceedings under the FSIA.

Furthermore, Plaintiff did not serve any agent authorized by Defendants.  Rather, Plaintiff itself purported to appoint Maples & Calder ("Maples") to act as Defendants' agent for service of U.K. proceedings and thereafter purported to deliver copies of the Summons and Complaint by hand and email to an individual in Maples' London office.  Plaintiff's attempt to serve Defendants by delivering the pleadings to a complete stranger in London was not reasonably calculated to notify Defendants and was not effective service under the FSIA. Plaintiff's failure to properly serve Defendants also precludes the exercise of statutory personal jurisdiction under the FSIA, 28 U.S.C. § 1330(b).  Therefore, even if the Court decides that venue is proper, the Court should alternatively grant Defendants' motion to dismiss for improper service and lack of personal jurisdiction under the FSIA.

Finally, Defendants are entitled to foreign sovereign immunity in this case under the FSIA.  The Complaint does not assert any specific exception to foreign sovereign immunity enumerated in the FSIA.  None apply.  However, this Court can, and should, dismiss or transfer this case for the reasons stated herein without reaching the issue of immunity.  Nevertheless, to avoid any contention that Defendants have waived their immunity, Defendants alternatively seek dismissal of this case for lack of subject matter jurisdiction under the FSIA.  If the Court ultimately determines that Defendants were properly served and are subject to personal jurisdiction and that venue is proper under the FSIA, Defendants are prepared to more fully brief

the issues of foreign sovereign immunity and subject matter jurisdiction under the FSIA at that time.

## STATEMENT OF FACTS

Defendant PDVSA is a Venezuelan corporation that is wholly-owned by the Republic. Compl. ¶ 2.  Defendant PPSA is a Venezuelan corporation that is wholly-owned by PDVSA. Compl. ¶ 3.  As alleged in the Complaint, Defendants are agencies or instrumentalities of the Republic under the FSIA.  Compl. ¶ 4 (citing 28 U.S.C. § 1603).

Plaintiff Banco San Juan Internacional is a Puerto Rican bank that allegedly entered into two credit agreements with PDVSA.  Compl. ¶ 1, 8.  According to the Complaint, Plaintiff entered into the first agreement with PDVSA on March 23, 2016 (the "2016 Credit Agreement") pursuant to which Plaintiff allegedly loaned approximately $39.5 million to PDVSA.  Compl. ¶ 9.  According to the Complaint, Plaintiff entered into the second agreement with PDVSA on April 6, 2017 (the "2017 Credit Agreement" and together with the 2016 Credit Agreement, the "Credit Agreements"), pursuant to which Plaintiff allegedly loaned approximately $31 million to PDVSA.  Compl. ¶ 10.  PPSA allegedly guaranteed PDVSA's payment obligations under the 2017 Credit Agreement.  *Id.*  The Credit Agreements were governed by English law and provided for the U.K. courts to have exclusive jurisdiction to resolve any disputes under those Agreements.  D.I. 1-1 at ECF 12.  The Credit Agreements contained provisions concerning service of process in such U.K. court proceedings, which provide:

> i) PDVSA is obliged forthwith to appoint a process agent to be an authorised agent **for service of proceedings in England**.

> ii) If for any reason the process agent ceases to be such an agent, then PDVSA must forthwith appoint a new agent and notify that appointment within 30 days of the previous agent ceasing to be agent.

> iii) If PDVSA fails to comply with its obligation to appoint a new agent for the service of process, the lender may appoint an agent for service of process on PDVSA.

*Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*, [2020] EWHC 2145 (Comm) (July 31, 2020) at ¶ 4 (emphasis added).  On April 6, 2016, PDVSA designated Sisec Limited as its agent to receive process in England pursuant to the 2016 Credit Agreement.  *Id.* at ¶ 5.  PDVSA did not designate an agent to receive process under the 2017 Credit Agreement.  *Id.* at ¶ 8.

PDVSA allegedly defaulted under the Credit Agreements, and Plaintiff brought two actions in the U.K. courts to recover the outstanding principal amounts of the loans with interest.  Compl. at ¶ 11, 14, 22.  On May 18, 2020, Plaintiff commenced the first lawsuit against PDVSA in the Commercial Court, Queen's Bench Division to recover amounts allegedly owed under both Credit Agreements.  Compl. ¶ 14.  Plaintiff argued that Sisec Limited's appointment as PDVSA's U.K. process agent had expired in April 2019, that PDVSA failed to appoint a replacement agent under the 2016 Credit Agreement, and that PDVSA failed to appoint any U.K. process agent under the 2017 Credit Agreement.  *Banco San Juan Internacional, Inc. v. Petróleos de Venezuela,* [2020] EWHC 2145 (Comm) (July 31, 2020) at ¶ 5, 8.  Plaintiff purported to appoint Maples in London to serve as PDVSA's agent to receive process of English proceedings under the Credit Agreements.  *Id.* at ¶ 5.  Plaintiff then purported to serve PDVSA by serving Maples – the third-party agent that Plaintiff itself appointed.  *Id.*  On November 4, 2020, the U.K. court entered a judgment against PDVSA in the amount of $46,656,068 for the 2016 Credit Agreement and $37,230,278 for the 2017 Credit Agreement (the "2020 Judgment").  D.I. 1-1 at ECF 5 (*Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*, [2020] EWHC 2937 (Comm) (Nov. 4, 2020)).

On December 18, 2020, Plaintiff initiated a second lawsuit in the U.K. courts against PPSA as guarantor under the 2017 Credit Agreement.  D.I. 1-2 at ECF 14.  Plaintiff purported to serve PPSA by serving Maples in London and argued that Plaintiff was entitled to appoint Maples as PPSA's agent for receiving service of process for proceedings in the U.K. under the 2017 Credit Agreement.  *Id*.  PPSA did not appear.  *Id*. at ECF 15.  On July 9, 2021, the U.K. court entered a default judgment against PPSA in the amount of $39,270,078  (the "2021 Judgment" together with the 2020 Judgment, the "U.K. Judgments").  D.I. 1-2 at ECF 5 (*Banco San Juan Internacional, Inc. v. PDVSA Petróleo, S.A.*, [2021] EWHC 1949 (Comm) (July 9, 2021))

.

On October 5, 2022, Plaintiff commenced the above-captioned action against Defendants asserting claims to recognize the U.K. Judgments pursuant to Delaware's Uniform Foreign-Country Money Judgments Recognition Act, 10 Del. C. § 4801 (the "Recognition Act").  Compl. ¶¶ 31, 41.  On October 14, 2022, Plaintiff filed an amended Civil Cover Sheet and a letter to the Hon. Richard G. Andrews requesting this case be transferred to the Hon. Leonard P. Stark arguing, without explanation, that this case was related to various post-judgment enforcement proceedings pending before Judge Stark, including *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-0151-LPS (D. Del.).  D.I. 8.  On October 19, 2022, this case was reassigned to Judge Stark.  On October 31, 2022, Plaintiff filed a status report stating that Plaintiff intended to serve Defendants pursuant to a "special arrangement for service contractually agreed between Plaintiff and Defendants" as well as through the Hague Convention

for Service of Judicial Documents Abroad.[1]  D.I. 12 at ECF 1.  Plaintiff further stated that it filed

its enforcement action in Delaware because creditors of the Republic and PDVSA had

commenced post-judgment proceedings in this Court to enforce their U.S. judgments against

PDVSA's shares of PDVH.  *Id.* at ECF 2.  Plaintiff further explained that, if Plaintiff prevails on

its claims in this case and obtains a judgment from this Court, Plaintiff intends to enforce any

such prospective judgment by seeking an attachment of the PDVH shares.  *Id.*

On November 22, 2022, Plaintiff filed two affidavits of service signed by a "Rachel

Spence" who claims to have received copies of the Summons and Complaint on November 18,

2022 on behalf of Maples as agents for PDVSA and PPSA.  Ms. Spence claims to have

"personally received" the Summons and Complaint at Maples' offices in London and "by

electronic service."  Neither affidavit contains any information regarding Ms. Spence, and a

search of Maples' website does not reveal any individuals by the name of Rachel Spence.  D.I.

13; D.I. 14; *see* Maples Group, "People," available at https://maples.com/en/people (last visited

Jan. 17, 2023).  Furthermore, the affidavits do not state that Maples has any contact information

for anyone at PDVSA or PPSA, let alone state that the Summons and Complaint were, in fact,

provided to either Defendant.

## LEGAL STANDARD

As alleged in the Complaint, PDVSA and PPSA are "agencies or instrumentalities" of the

Republic.  Compl. ¶ 4 (citing 28 U.S.C. § 1603).  As in every U.S. court proceeding against a

foreign state or its agencies or instrumentalities, the FSIA governs this case.  *See Verlinden B.V.*

*v. Cent. Bank of Nigeria*, 461 U.S. 480, 488 (1983)

---

[1] Plaintiff does not purport to have actually attempted, let alone completed, service on
Defendants through the Hague Convention.

. Plaintiff must comply with the FSIA's jurisdictional and procedural requirements, including the FSIA's immunity provisions, venue requirements, and provisions for effecting service of process. *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela* ("*Mobil*"), 863 F.3d 96, 100 (2d Cir. 2017). Plaintiff has failed to do so.

## ARGUMENT

### I.    This Case Must Be Dismissed or Transferred for Improper Venue under the FSIA

The FSIA's venue provision – 28 U.S.C. § 1391(f) – is the exclusive basis for venue in suits against foreign sovereigns. *See Mobil*, 863 F.3d at 124; *Uni-Top Asia Inv. Ltd. v. Sinopec Int'l Petro. Expl. & Prod. Corp.*, No. 20-cv-1770 (DLF), 2022 U.S. Dist. LEXIS 73524, at *19 (D.D.C. Apr. 22, 2022); *Rodriguez v. Pan Am. Health Org.*, No. 18-cv-24995-GAYLES, 2020 U.S. Dist. LEXIS 58987, at *11 (S.D. Fla. April 3, 2020). Section 1391(f) states:

> A civil action against a foreign state as defined in section 1603(a) of this title may be brought:
>
> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
> (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
>
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
>
> (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f). While the Complaint asserts venue under Section 1391(f)(1) and (3), Plaintiff cannot establish the requirements of either provision. Compl. ¶ 6. Accordingly, the Court should dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure

12(b)(3) or, alternatively, transfer this case to the FSIA's default venue – the D.C. Court.  *See* 28 U.S.C. § 1391(f)(4); *see also Saint-Gobain*, 2019 U.S. Dist. LEXIS 214167, at *25 (transferring action to the D.C. Court).

A.   **Venue Is Not Proper under Section 1391(f)(1)**

Plaintiff does not assert venue under the first clause of Section 1391(f)(1), which applies only where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(f)(1).  Nor could it.  This case has no connection whatsoever to Delaware. Instead, Plaintiff relies exclusively on the second clause of Section 1391(f)(1), alleging that "a substantial part of the property that is the subject of this enforcement action is situated in Delaware."  Compl. ¶ 6.  But Plaintiff cannot satisfy the requirements of the second clause of Section 1391(f)(1) either.

The second clause of Section 1391(f)(1) "governs venue in *in rem* actions concerning a specific and identifiable piece of property."  *Palladian Partners, L.P. v. Province of Buenos Aires*, No. 21 Civ. 5958 (CM), 2022 U.S. Dist. LEXIS 200875, at *9 (S.D.N.Y. Nov. 2, 2022) ; *Asemani v. Islamic Republic of Iran*, No. 18-CV-00368-CRB (PR), 2018 U.S. Dist. LEXIS 102532, at *4-5 (N.D. Cal. June 18, 2018) .  It applies only in actions to "adjudicate title, obtain possession of particular property, or vindicate interests in real property" that exist in the district.  *Detroit Int'l Bridge Co. v. Gov't of Canada*, 787 F. Supp. 2d 47, 50 (D.D.C. 2011).  Section 1391(f)(1) does not apply simply because the defendant has an asset in the district that is not related to the claims asserted in the action.  *Palladian Partners, L.P.*, 2022 U.S. Dist. LEXIS 200875 at *9.  Rather, the asset located in the district must be the asset that forms the basis of the plaintiff's claim.  *Id.*; *see also Micula v. Gov't of Rom.*, 714 F. App'x 18, 21 (2d Cir. 2017).

Here, the second clause of Section 1391(f)(1) is clearly inapplicable because this is not a property case.  Rather, Plaintiff is asserting claims under the Recognition Act, 10 Del. C. § 4801, to recognize a pair of judgments entered by the U.K. courts.  Such claims have nothing to do with any specific property.  Indeed, the Complaint does not identify any property that would provide a basis for venue under Section 1391(f)(1).

Moreover, Plaintiff admits that it filed the Complaint in this Court because other creditors of the Republic and PDVSA have commenced proceedings to enforce U.S. judgments against PDVSA's shares of PDVH.  *See* D.I. 12 at ECF 2.  Plaintiff explains that it hopes to obtain a judgment on its Recognition Act claims and then commence similar post-judgment proceedings to enforce such a prospective judgment against PDVSA's shares of PDVH.  *Id.*  However, the second clause of Section 1391(f)(1) requires the property located in the district to be the basis of the plaintiff's claims, and here the PDVH shares have nothing to do with this case or the underlying U.K. Judgments.  *See Micula*, 714 F. App'x at 21; *Palladian Partners, L.P.*, 2022 U.S. Dist. LEXIS 200875 at *9.  Section 1391(f)(1) does not apply simply because a defendant has property in the district that might be available to satisfy an eventual judgment.  *See Micula*, 714 F. App'x at 21; *see also Palladian Partners, L.P.,* 2022 U.S. Dist. LEXIS 200875 at *9; *Asemani,* 2018 U.S. Dist. LEXIS 102532, at *4-5.  In fact, the plaintiff in *Saint-Gabain* made that same argument to this Court – i.e. that venue was appropriate under the FSIA because it was hoping to enforce an eventual judgment against the PDVH shares.  *See* Plaintiff's Sur-Reply *Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*, Civ. No. 1:18-cv-01963-LPS, [D.I. No. 28 at p. 3] (D. Del. Sept. 3, 2019).  Nevertheless, this Court implicitly rejected that argument and transferred the case to the FSIA's default venue, the D.C. Court.  *See Saint-Gobain*, 2019 U.S. Dist. LEXIS 214167, at *28-29.

Furthermore, while Plaintiff points to other creditor cases pending in this Court against the Republic and PDVSA, the procedural history of those cases demonstrate that Plaintiff is seeking an impermissible short-cut to evade the FSIA's venue requirements.  D.I. 8 and 12 (citing, e.g., *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-0151-LPS (D. Del.)).  For example, in *Crystallex*, the plaintiff brought an action in the FSIA's default venue, the D.C. Court, to enforce an arbitral award rendered against the Republic.  After the D.C. Court entered a judgment on the arbitral award, Crystallex registered that judgment in this District and commenced a subsequent proceeding in this Court to attach the PDVH shares.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 386-87 (D. Del. 2018).  Indeed, every single "related case" listed in Plaintiff's amended Civil Cover Sheet was commenced through the registration of a judgment obtained in another U.S. District Court.  *See id.*; Registration of Foreign Judgment, *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, 1:21-mc-00481-LPS, [D.I. 1] (D. Del. Nov. 4, 2021) (registering D.C. Court judgment); Registration of Foreign Judgment, *Tidewater Investment SRL et al., v. Bolivarian Republic of Venezuela*, 1:19-mc-00079-LPS, [D.I. 1] (D. Del. Apr. 3, 2019) (registering D.C. Court judgment); Registration of Foreign Judgment, *OI European Group B.V. v. Bolivarian Republic of Venezuela*, 1:19-mc-00290-LPS, [D.I. 1] (D. Del. Nov. 4, 2019) (registering D.C. Court judgment); *see also* Registration of Foreign Judgment, *Red Tree Investments, LLC v. Petroleos de Venezuela, S.A. et al.*, 1:22-mc-00068-LPS, [D.I. 1] (D. Del. Feb. 8, 2022) (registering S.D.N.Y. judgment); Registration of Foreign Judgment, *ACL1 Investments Ltd. et al., v. Bolivarian Republic of Venezuela*, 1:21-mc-00046-LPS, [D.I. 1] (D. Del. Feb. 5, 2021) (registering S.D.N.Y. judgment); Registration of Foreign Judgment, *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, 1:20-mc-00257-LPS, [D.I.

1] (D. Del. July 31, 2020) (registering S.D. Miss. judgment); Registration of Foreign Judgment, *Phillips Petroleum Company Venezuela Ltd., et al., v. Petroleos de Venezuela, S.A. et al.*, 1:19-mc-00342-LPS, [D.I. 1] (D. Del. Nov. 26, 2019) (registering S.D.N.Y. judgment).[2]

## B.    Venue Is Not Proper under Section 1391(f)(3)

The Complaint asserts that venue is proper in this District under Section 1391(f)(3) because PDVSA and PPSA "are licensed to do business or are doing business in Delaware within the meaning the of 28 U.S.C. § 1603." Compl. ¶ 6.  However, contrary to Plaintiff's conclusory assertion, neither PDVSA nor PPSA are licensed to do business in Delaware. Plaintiff has no basis to allege otherwise.

Nor can Plaintiff show that Defendants are "doing business" in Delaware for purposes of Section 1391(f)(3).  While the FSIA does not define "doing business,"[3] this Court has previously construed the "doing business" standard under Section 1391(f)(3) to require a showing that the defendant's "activities within the district are such that its business has become localized and is in operation within the district so that some state would probably require the foreign corporation to be licensed as a condition precedent to doing that business." *See Saint-Gobain*, 2019 U.S. Dist. LEXIS 214167, at *27-28 (quoting *Vivadent, Inc. v. Darby Dental Supply Co.*, 655 F. Supp. 1359, 1362 (D.N.J. 1987)).  Plaintiff does not allege any basis to conclude that Defendants' business "has become localized" in Delaware.  Defendants have no offices, employees, or

---

[2] In addition, as this Court has held, "[w]here there is more than one defendant, proper venue must be shown for each defendant." *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 446 (D. Del. 2012) (Stark, J.) (internal quotation marks omitted).  Even Plaintiff's venue theory would not apply to PPSA because there is no allegation that PPSA has any interest in the PDVH shares or otherwise has any property in Delaware and therefore venue.

[3] The venue allegations in the Complaint reference 28 U.S.C. § 1603.  Compl. ¶ 6.  That statute does not use, let alone define, the phrase "doing business."

operations in Delaware.  In the absence of such a physical presence in Delaware, Defendants

would not be required to register as foreign corporations in Delaware.  *See* 8 Del. C. § 371(b).

And the absence of such a physical presence in Delaware precludes any finding that Defendants

are "doing business" in Delaware under Section 1391(f)(3).  *See Shirobokova v. CSA Czech*

*Airlines, Inc.*, 335 F. Supp. 2d 989, 991 (D. Minn. 2004)

 (holding that agency or instrumentality of a foreign state was not "doing business" in the district

for purposes of Section 1391(f)(3) where, as here, the defendant "has no physical presence in

[the district], and has no . . . operations in the state").

    Moreover, this Court concluded in the *Saint-Gobain* case that PDVSA is not "doing

business" in Delaware for purposes of Section 1391(f)(3).  *See Saint-Gobain*, 2019 U.S. Dist.

LEXIS 214167, at *27-28.  In *Saint-Gobain*, the plaintiff brought an action to enforce an arbitral

award against Venezuela.  *Id.* at *25-26.  The plaintiff asserted venue was proper under Section

1391(f) based on allegations that PDVSA was "doing business" in Delaware through its

Delaware subsidiary, PDVH, and that PDVSA was the putative alter ego of Venezuela.  *Id.* at

*26-27.  This Court held that the plaintiff failed to establish either proposition.  *Id.*  In particular,

this Court held that PDVSA's ownership of a Delaware subsidiary and its exercise of shareholder

rights in that subsidiary did not constitute "doing business" in Delaware for purposes of Section

1391(f)(3).  *Id.* at *27-28.  This Court therefore transferred the *Saint-Gobain* case to the D.C.

Court.  *Id.* at *29.  The same result is required here.

## II.    Alternatively, this Case Should Be Dismissed for Failure to Effect Service under the FSIA

    In the event that this Court concludes that venue is proper and declines to transfer the

case to the D.C. Court, this Court should, alternatively, dismiss the case for improper service of

process under the FSIA and Federal Rules 12(b)(4)-(5).  The FSIA provides the exclusive

methods for serving foreign states and their agencies and instrumentalities.  *See* 28 U.S.C.

§ 1608; *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1054 (2019); *Transaero, Inc. v. La*

*Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994) (quoting H.R. Rep. No. 94-1487, at

24 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6623

).  Here, Plaintiff argues that it served Defendants pursuant to a contractually agreed upon

"special arrangement."  *See* D.I. 12 at ECF 1.  To be sure, the FSIA provides for service of

process to be effected on an agency or instrumentality of a foreign state through a contractually

agreed upon special arrangement for service of process.  *See* 28 U.S.C. § 1608(b)(1).  However,

the terms of the contractual special arrangement must clearly encompass service of process on

the foreign sovereign defendant in the particular U.S. court proceeding at issue.  *See Chiejina v.*

*Fed. Republic of Nigeria*, No. 21-2241 (RJL), 2022 U.S. Dist. LEXIS 152675, at *7-8 (D.D.C.

Aug. 23, 2022)

; *Berkowitz v. Republic of Costa Rica*, 288 F. Supp. 3d 166, 173 (D.D.C. 2018); *Orange Middle*

*E. & Afr. v. Republic of Eq. Guinea*, No. 15-cv-849 (RMC), 2016 U.S. Dist. LEXIS 65147, at *8

(D.D.C. May 18, 2016); *Enron Nig. Power Holding, Ltd. v. Fed. Republic of Nig.* ("*Enron*"), 225

F. Supp. 3d 18, 22-23 (D.D.C. 2014).  No such special arrangement exists here.

Plaintiff appears to be referring to the service provisions in the Credit Agreements, which

provide "for service of **proceedings in England**" to be effected on PDVSA through its

authorized agent.  *Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*, [2020]

EWHC 2145 (Comm) (July 31, 2020) at 4 (emphasis added).  While Plaintiff relied on those

service provisions in the underlying proceedings in the U.K. courts, those provisions by their

terms are explicitly limited to service in "proceedings in England."  *Id.*  Those provisions

therefore have no application in proceedings before this Court or any other court in the United

States.  Accordingly, the Credit Agreements do not provide a special arrangement for service of process in this case.

The *Enron* case is on point.  225 F. Supp. 3d at 23.  In that case, the plaintiff sought to enforce an international arbitration award against Nigeria and purported to serve Nigeria in accordance with a special arrangement in the parties' underlying agreement.  *Id.* at 21-22.  The court held that the parties' agreement provided for the parties to be served through a designated agent "in connection with **proceedings in England and Wales**" – and did not provide for a special arrangement for service in proceedings in the United States under the FSIA.  *Id.* at 23 (emphasis added).  The court explained that:  "**The parties' inclusion of a specific provision for legal service only in another jurisdiction indicates that they did not intend to create a 'special arrangement for service' for proceedings in the United States**."  *Id.* (emphasis added).  The *Enron* court thus concluded that service was improper under the FSIA.

*Enron* is indistinguishable from the present case.  Similar to the agreement in *Enron*, the service provisions in the Credit Agreements are explicitly limited to service of process in "proceedings in England."  *Banco San Juan Internacional, Inc. v. Petróleos de Venezuela, S.A.*, [2020] EWHC 2145 (Comm) (July 31, 2020) at 4.  Thus, as in *Enron*, there is no special arrangement for service of process in the United States under Section 1608(b)(1).

Moreover, Plaintiff's attempt to serve Defendants by giving copies of the pleadings to Maples smacks of gamesmanship.  Maples was appointed by Plaintiff itself and not Defendants.  There is no basis for claiming that service on a random third-party in London was in any way calculated to provide Defendants reasonable notice of this U.S. proceeding.  That is particularly true since Maples does not purport to have provided any notice of these proceedings to either Defendant.  D.I. 13, at ECF 3; D.I. 14, at ECF 3.  This Court and others have previously refused

15

to condone similar attempts to skirt the requirements of the FSIA.  *See Saint-Gobain*, 2019 U.S. Dist. LEXIS 214167, at *31 (granting PDVSA's motion to dismiss where plaintiff failed to separately serve PDVSA); *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, 23 F.4th 1036, 1040-41 (D.C. Cir. 2022) (rejecting creditor's attempts to short-cut service of process on the Republic); *Mobil*, 863 F.3d at 124-25 (vacating *ex parte* judgment entered against the Republic as void under the FSIA's service and venue requirements).

Accordingly, even if this Court determines that venue is proper, this Court should dismiss this case for improper service of process under the FSIA.

### III. Alternatively, this Case Should Be Dismissed for Lack of Personal Jurisdiction under the FSIA

In the event that this Court concludes that venue is proper and declines to transfer the case to the D.C. Court, this Court should, alternatively, dismiss the case for lack of personal jurisdiction under the FSIA and Federal Rule 12(b)(2).  The FSIA's personal jurisdiction statute – 28 U.S.C. § 1330(b) – provides for the exercise of personal jurisdiction in actions against foreign states and their agencies and instrumentalities only where the defendant has been served in accordance with the FSIA's service provisions and an exception to jurisdictional immunity has been established.  *See Harrison*, 139 S. Ct. at 1054.  Neither element of Section 1330(b) has been satisfied here.  As discussed above, Defendants have not been served in accordance with 28 U.S.C. § 1608(b).  Furthermore, Plaintiff has not even identified any of the FSIA's exceptions to jurisdictional immunity.  As explained below, none of the FSIA's exceptions apply in this case. Therefore, this Court lacks personal jurisdiction under the FSIA.

### IV. Alternatively, the Case Must Be Dismissed for Lack of Subject Matter Jurisdiction under the FSIA

In the event that this Court concludes that venue is proper and declines to transfer the case to the D.C. Court, this Court should, alternatively, dismiss the case for lack of subject matter jurisdiction under the FSIA and Federal Rule 12(b)(1).  The FSIA provides "the sole basis for obtaining jurisdiction over a foreign state in the courts of this country."  *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)).  Under the FSIA, foreign states are presumptively immune from suit in U.S. courts.  *See Ezeiruaku v. Bull*, 617 F. App'x 179, 181 (3d Cir. 2015) (citing 28 U.S.C. § 1604).  That presumption can be overcome only where the plaintiff establishes the substantive requirements for abrogating foreign sovereign immunity set forth in 28 U.S.C. §§ 1605-1607.  *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493-94 (1983).  Satisfying those substantive requirements is a prerequisite to the exercise of subject matter jurisdiction under 28 U.S.C. § 1330(a).  Where there is no dispute that the defendant is a foreign state under the FSIA, the plaintiff has the burden of overcoming the presumption of immunity by producing sufficient evidence to demonstrate that one of the FSIA's statutory exceptions to immunity applies.  *See Ezeiruaku*, 617 F. App'x at 181; *Federal Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1282, 1285, n.13 (3d Cir. 1993).

Here, the Complaint asserts in conclusory fashion that Defendants are not entitled to foreign sovereign immunity under 28 U.S.C. § 1605.  While Section 1605 provides certain exceptions to foreign sovereign immunity, the Complaint does not assert any specific exception to immunity.  That is plainly insufficient.  A plaintiff cannot establish subject matter jurisdiction under the FSIA where, as here, "the complaint makes the bald assertion that jurisdiction exists under § 1605" but "fails to specifically invoke any of the FSIA's statutory exceptions."  *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1313 (11th Cir. 2009).

17

Moreover, there are no allegations in the Complaint that would support subject matter jurisdiction under any of the exceptions enumerated in Section 1605.  The FSIA does not provide an exception to foreign sovereign immunity for actions to enforce foreign court judgments, and courts have routinely dismissed actions to enforce foreign court judgments for lack of subject matter jurisdiction under the FSIA.  *See, e.g., Despotovich v. Republic of Croat*., No. 21 Civ. 0050 (AT), 2022 U.S. Dist. LEXIS 147367, at *7 (S.D.N.Y. Aug. 17, 2022); *Hussein v. Maait*, __ F. Supp. 3d __, 2022 U.S. Dist. LEXIS 105286, at *13 (S.D.N.Y. June 13, 2022); *Valambhia v. United Republic of Tanz.*, 18-cv-370 (TSC), 2019 U.S. Dist. LEXIS 54812, at *1-2 (D.D.C. Mar. 31, 2019), *aff'd,* 964 F.3d 1135 (D.C. Cir. 2020).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to dismiss this case.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP


*/s/ Samuel T. Hirzel, II*

Samuel T. Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

*Attorney for Defendants Petróleos de Venezuela,*
*S.A. and PDVSA Petróleo, S.A.*

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com

Dated: January 17, 2023