IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BANCO SAN JUAN INTERNACIONAL INC., § § § Plaintiff, § § v. § § PETRÓLEOS DE VENEZUELA S.A. § and PDVSA PETRÓLEO, S.A., § § Defendants. § § | C.A. No. 1:22-CV-01315-LPS |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NEW ARGUMENTS AND EVIDENCE, OR ALTERNATIVELY, FOR LEAVE TO FILE A SUR-REPLY

Plaintiff Banco San Juan Internacional ("BSJI") moves to strike new arguments and evidence introduced in Defendants Petróleos de Venezuela S.A. ("PDVSA") and PDVSA Petróleo, S.A.'s Reply Brief in Support of Defendants' Motion to Dismiss ("Reply") in violation of Local Rule 7.1.3(c)(2). D.I. 23; D.I. 24. Ignoring the local rules, Defendants inexplicably chose to make entirely new arguments in their reply brief, namely, that (1) BSJI was required to but did not serve PDVSA's *ad hoc* Board, (2) PDVSA's *ad hoc* Board has not waived immunity, and (3) BSJI's 2020 and 2021 U.K. Judgments are unenforceable. Defendants could have raised each of these arguments and introduced supporting evidence in their Opening Brief. They chose not to and elected to make them instead in their Reply.

Permitting Defendants to raise these new arguments and evidence for the first time at this late stage is procedurally impermissible because it is prejudicial and unfair to BSJI. BSJI therefore moves to strike Defendants' new arguments in the Introduction and Sections II.B and III. Additionally, BSJI moves to strike in its entirety the Declaration of Julian Cardenas Garcia ("Garcia Declaration") in support of Defendants' new arguments.

Alternatively, should the Court permit Defendants' new arguments and evidence, BSJI seeks leave to file a sur-reply within 14 days of said order to respond fully to the late arguments.

## ARGUMENT

### A. This Court Should Strike Defendants' Newly Raised Arguments in Their Reply and the Garcia Declaration.

This Court's local rules prohibit Defendants from introducing new arguments and evidence in the Reply. Local Rule 7.1.3(c)(2) provides that "[t]he party filing the opening brief ***shall not reserve material for the reply brief*** which should have been included in a full and fair opening brief." D. Del. Local Rule 7.1.3(c)(2) (emphasis added). Applying this rule, this Court has routinely struck new arguments and evidence in reply briefs. *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002); *Socket Mobile, Inc. v. Cognex Corp.*, 2017 WL 3575582, at *5 (D. Del. Aug. 18, 2017); *In re Student Fin. Corp.*, 2004 WL 609329, at *3 n.4 (D. Del. Mar. 23, 2004); *Jordan v. Bellinger*, 2000 WL 1239956, at *5 n.7 (D. Del. Aug. 28, 2000); *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 464 (D. Del. 2005) (citing D. Del. L.R. 7.1.3); *Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 439 (D. Del. 2010) (Stark, J.).

"It is, of course, inappropriate to raise an argument for the first time in a Reply brief." *Oberwager v. McKechnie Ltd.*, 351 F. App'x 708. 711 n.5 (3d Cir. 2009). "The practice of reserving arguments for reply briefs amounts to impermissible sandbagging." *In re Student Fin. Corp.*, 2004 WL 609329, at *3 n.4 (cleaned up) (quoting *Rockwell Techs., LLC v.*, 2002 WL 531555, at *3). "[T]he Third Circuit has consistently held new arguments in reply briefs are prejudicial and unfair, because a party cannot respond." *Socket Mobile, Inc.*, 2017 WL 3575582, at *5 (citing *Werner v. Werner*, 267 F.3d 288, 302 (3d Cir. 2001)). Therefore, "[p]ositions asserted for the first time in a reply brief are deemed to be waived." *Id.* (citing *United States v.*

2

*Cruz*, 757 F.3d 372, 387–88 (3d Cir. 2014) (finding that "arguments that were raised for the first time in the Reply Brief" are deemed "to be waived").

In the face of this well-settled law, and in violation of Local Rule 7.1.3(c)(2), Defendants introduce three new arguments in their Reply. *First*, they argue that "Plaintiff failed to serve the PDVSA *ad hoc* Board." D.I. 23 at 7–8. Defendants have known since November 22, 2022 that BSJI instead served Defendants in the manner set forth by the Parties in the Credit Agreements, *i.e.*, through Defendants' service of process agent in the United Kingdom in accordance with the Parties' "special arrangement." D.I. 12 at 1; D.I. 13 and 14. Defendants, however, made no mention of the purported necessity of service on PDVSA's *ad hoc* Board in their Opening Brief, filed almost two months later. *See* D.I. 16 and 17.

*Second*, Defendants argue for the first time that PDVSA's *ad hoc* Board did not waive immunity in the Credit Agreements between BSJI and Defendants. D.I. 23 at 9. Putting aside that Defendants waived sovereign immunity at the time they executed the Credit Agreements in 2016 and 2017, Defendants chose not to make its awkward, new sovereign immunity argument in their Opening Brief.  To be certain, Defendants never raised or argued in that brief that the waiver of PDVSA's immunity could somehow be reconstructed years later upon the creation of the *ad hoc* Board and that a new waiver needed to occur before suit could be brought.  On the merits, Defendants' arguments make no sense, but it is sufficient here that this new argument has been waived.  *See* D.I. 17 at 17–18.

*Third*, Defendants' argument that BSJI's 2020 and 2021 U.K. Judgments are unenforceable on the merits, D.I. 23 at 3, 10, is also completely new and nowhere in their Opening Brief. *See* D.I. 16 and 17. In short, Defendants indisputably waived sovereign immunity at the time the Credit Agreements were executed, D.I. 21 at 5, 12–14, and Defendants set forth

the procedures in those Credit Agreements that BSJI must employ to effect service of process in the event of litigation. *Id.* at 3–5, 8–9. BSJI did so, and the U.K. court so found. *Id.* at 6–7, 9–10.

Finally, Defendants cannot sandbag BSJI by submitting a declaration at this late stage of the briefing cycle.  In *Praxair*, this Court found that attaching declarations "for the first time" in a reply brief violated Local Rule 7.1.3 and therefore excluded that evidence. 231 F.R.D. at 464. Additionally, in *Laboratory Skin Care, Inc.*, this Court excluded defendant's trademark file history and supporting declaration, which defendant reserved for the reply. 757 F. Supp. 2d 431, 439. In that case, Judge Stark held that "[s]ince this evidence was not raised in Defendants' Opening Brief, Defendants' reservation of it for their Reply violated D. Del. LR 7.[1.3](c)(2)." *Id.* The same result is warranted here. This Court should strike the Garcia Declaration in full, which was filed solely to support Defendants' belatedly raised arguments.

Where, as here, a party's new arguments and supporting declaration "should have been included in a full and fair opening brief," but the party instead chooses to reserve them for the reply in violation of the local rules, the new arguments should be deemed waived. *See* D. Del. Local Rule 7.1.3(c)(2); *see also Socket Mobile, Inc.*, 2017 WL 3575582, at *5; *Cruz*, 757 F.3d at 387–88. Considering Defendants' new arguments and supporting evidence at this late stage would be unfair and prejudicial to BSJI, which has not had a full and fair opportunity to respond, and therefore, this Court should grant BSJI's Motion to Strike.

> **B. Alternatively, if the Court Declines to Strike Defendants' Newly Raised Arguments and the Garcia Declaration, This Court Should Allow BSJI to File a Sur-Reply.**

BSJI submits that it should not have to expend the time and expense of preparing yet another brief on the merits; Defendants' new arguments should instead be struck.  However, in the event this Court were to consider Defendants' belated arguments, under Local Rule 7.1.2(b), BJSI should be granted the opportunity to submit additional papers with Court approval. This

Court permits a party to file a sur-reply "if it responds to new evidence, facts, or arguments." *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (Stark, J.). If granted, BSJI can file its sur-reply within 14 days of the Court's order (the same amount of time BSJI would have had under Delaware Local Rules if Defendants had made these arguments in its Opening Brief).

## CONCLUSION

For the reasons above, this Court should strike Defendants' new arguments set forth in the Introduction and Sections II.B and III of the Reply and the Garcia Declaration, or in the alternative, grant BSJI leave to file a sur-reply to fully brief and respond to Defendants' new arguments and evidence.

|  |  |
|---|---|
| WINSTON & STRAWN LLP | MCCOLLOM D'EMILIO SMITH UEBLER LLC |
| Paula W. Hinton<br>M. Imad Khan<br>Rachael E. Thompson<br>800 Capitol St., Suite 2400<br>Houston, TX 77002<br>Phone: (713) 651-2600<br>Fax: (713) 651-2700<br>phinton@winston.com<br>ikhan@winston.com<br>rthompson@winston.com<br><br>Kelly A. Librera<br>200 Park Avenue<br>New York, NY 10166<br>Phone: (212) 294-6700<br>Fax: (212) 294-4700<br>klibrera@winston.com<br><br>March 13, 2023 | */s/ Thomas A. Uebler*<br>Thomas A. Uebler (#5074)<br>Adam J. Waskie (#6217)<br>2751 Centerville Rd., Suite 401<br>Wilmington, DE 19808<br>Phone: (302) 468-5960<br>Fax: (302) 691-6834<br>tuebler@mdsulaw.com<br>awaskie@mdsulaw.com<br><br>*Attorneys for Plaintiff Banco San Juan Internacional, Inc.* |